Matter of Board of Mgrs. of Westage Towers E. Condominium v Planning Bd. of the City of White Plains

2026 NY Slip Op 03303

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Board of Managers of Westage Towers East Condominium, et al., appellants,

v

Planning Board of the City of White Plains, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-07896, (Index No. 68062/23)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Campanelli & Associates, P.C., Merrick, NY (Andrew J. Campanelli and Patricia M. Mackreth of counsel), for appellants.

John G. Callahan, Corporation Counsel, White Plains, NY (Michael J. Kelly of counsel), for respondents Planning Board of the City of White Plains and City of White Plains.

Cuddy & Feder LLP, White Plains, NY (Brendan Goodhouse of counsel), for respondent DISH Wireless, LLC.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the City of White Plains dated August 15, 2023, which granted the application by the respondent DISH Wireless, LLC, for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Maurice Dean Williams, J.), dated July 8, 2024. The judgment denied the petition and dismissed the proceeding.

ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In May 2023, the respondent DISH Wireless, LLC (hereinafter DISH), submitted an application for a special use permit to the respondent Planning Board of the City of White Plains (hereinafter the Planning Board), seeking to build a wireless telecommunications antenna facility on a certain rooftop within the city. DISH submitted, inter alia, reports concluding that expected radiofrequency (hereinafter RF) exposure from the proposed installation fell below the limits mandated by the Federal Communications Commission (hereinafter FCC). Following public hearings, the Planning Board granted the application. Thereafter, the petitioners, consisting of residents and a managing board of a condominium located near the site of the proposed wireless telecommunications antenna facility, commenced this proceeding to review the Planning Board's determination. In a judgment dated July 8, 2024, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.

"Judicial review of a determination granting or denying 'an application for a special use permit is limited to ascertaining whether the [determination] was illegal, arbitrary and capricious, or an abuse of discretion'" (Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant [*2]Planning Bd., 222 AD3d 748, 750, quoting Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d 1007, 1008). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis" (Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d 667, 667-668 [internal quotation marks omitted]; see Matter of Troiano v Schroeder, 232 AD3d 801, 802). "A determination is rational if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition" (Matter of Palmer v Town of New Windsor Zoning Bd. of Appeals, 226 AD3d 688, 689-690 [internal quotation marks omitted]; see Matter of Carella v Zoning Bd. of Appeals of Town of Ramapo, 235 AD3d 974, 975).

Under the Telecommunications Act of 1996, "[n]o State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the [FCC's] regulations concerning such emissions" (47 USC § 332[c][7][B][iv]). This provision "preempt[s] state and local governments from regulating the placement, construction or modification of personal wireless service facilities on the basis of the health effects of RF radiation where the facilities would operate within levels determined by the FCC to be safe" (Cellular Phone Taskforce v F.C.C., 205 F3d 82, 88 [2d Cir]; see T-Mobile Northeast LLC v Town of Islip, 893 F Supp 2d 338, 353 [ED NY 2012]). The FCC's limits on "General population/uncontrolled exposure" for RF emissions "apply in situations in which the general public may be exposed" (47 CFR 1.1310[e][3]).

Here, the Planning Board's determination had a rational basis, was not illegal, and was neither arbitrary nor capricious (see Matter of Florida Historical Socy. v Zoning Bd. of Appeals of the Vil. of Fla., N.Y., 197 AD3d 1313, 1315-1316; Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 159 AD3d 891, 893). The Planning Board had an objective factual basis to determine that DISH's proposed installation complied with FCC regulations, since all RF exposure calculations in areas accessible to the public were well below the FCC's exposure limits (see 47 CFR 1.1310[e][1]). Moreover, there was a rational basis for the Planning Board to grant the application without first obtaining RF exposure calculations for the petitioners' residences, since DISH provided evidence that RF exposure dissipated to safe levels at a maximum of approximately 40 feet directly in front of the antenna and dissipated faster in other directions. The petitioners concede that the closest apartment in their building is approximately 120 feet from the antenna, which demonstrates that even the closest apartment in the petitioners' building would not be exposed to unsafe RF levels. Additionally, an RF reading taken from the rooftop of the petitioners' building was well below the FCC's limits. The petitioners did not submit evidence to the contrary.

Contrary to the petitioners' contention, the Planning Board had "the discretion to weigh and evaluate the credibility of the reports and comments submitted to it" (Matter of Viserta v Town of Wawayanda Planning Bd., 156 AD3d 797, 799), and its decision to credit its hired consultant does not render its determination arbitrary and capricious (see C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 69; Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 159 AD3d at 894).

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court